**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES COOPER,

Petitioner,

v.

Case Number: 09-CV-11620
Honorable John Corbett O'Meara

C. ZYCH,

Respondent.
_______________________________/

**OPINION AND ORDER**
**DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner James Cooper, a federal prisoner currently incarcerated at the Federal Correctional Institution (FCI) in Milan, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. On September 23, 2002, Petitioner pleaded guilty to possession with intent to distribute five grams or more of cocaine base, 21 U.S.C. § 841(a)(1), and was sentenced, on December 16, 2002, by the United States District Court for the Eastern District of Missouri to a 135-month term of imprisonment and five years of supervised release. On June 20, 2008, pursuant to 18 U.S.C. § 3582(c)(2), which lowered the sentencing-guideline range, Petitioner's sentence was subsequently reduced to a 108-month term of imprisonment and five years of supervised release. Pursuant to the Federal Bureau of Prisons Inmate Locator web site, Petitioner has a projected release date of June 4, 2010.

In his pleadings, Petitioner challenges the administration of the Bureau of Prisons' (BOP's) Residential Drug Abuse Program (RDAP). The Court finds no merit in Petitioner's claim. Therefore, for the reasons set forth below, the Court denies the petition.

## I. BACKGROUND

Petitioner began participating in the BOP's RDAP on September 5, 2008. He is currently still participating in the unit-based portion of the program. Pursuant to 18 U.S.C. § 3621(e)(2)(B), the BOP has the discretion to reduce an inmate's sentence by up to one year if he was convicted of a nonviolent offense and successfully completes the RDAP. On April 9, 2008, Petitioner was denied early release benefits under 18 U.S.C. §3621(e) because his sentence included a two-level enhancement for possession of a firearm pursuant to USSG § 2D1.1(b)(1). Petitioner has not filed any administrative remedies related to his eligibility for early release. In his petition for writ of habeas corpus, filed on April 29, 2009, Petitioner admits that he has not exhausted his administrative remedies.

## II. ARGUMENT

Petitioner challenges the BOP's decision denying him early release under 18 U.S.C. § 3621(e). He alleges that the regulation upon which the BOP has relied on for that denial, 28 C.F.R. 550.58, violates the Administrative Procedure Act (APA) because it is arbitrary and capricious. Petitioner's claim is based on the Ninth Circuit's opinion in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), in which the court ruled that the regulation violated Section 706 of the APA. There, the Ninth Circuit held that the BOP failed to set forth a rationale for its decision to categorically exclude prisoners convicted of offenses involving the carrying, possession or use of firearms from early release eligibility under § 3621(e).

### A. Exhaustion of Administrative Remedies

First, Petitioner requests that the Court excuse his failure to exhaust the BOP's administrative remedy procedure regarding this issue.

The BOP's administrative remedy procedure is a process whereby an inmate may seek formal review of a complaint which relates to any aspect of his imprisonment, if less formal procedures have not resolved the matter to his satisfaction. 28 C.F.R. § 542.10. This process first requires that a complaint be addressed to the institutional staff. If officials are unable to informally resolve the complaint, the inmate should proceed by filing a formal request for administrative remedy with the warden. 28 C.F.R. § 542.13(a) and (b). If dissatisfied with the response, the inmate may then appeal his complaint to the Regional Director and, in turn, to the General Counsel in the Central Office. 28 C.F.R. § 542.15.

The Sixth Circuit affirmed the longstanding policy that "federal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241." *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231-232 (6th Cir. 2006) (citing *Urbina v. Thoms*, 270 F.3d 292, 295 n.1 (6th Cir. 2001), and *Little v. Hopkins*, 638 F.2d 953-54 (6th Cir. 1981)). The *Fazzini* court explained the purposes of the exhaustion requirement as follows:

> The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law. The doctrine provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. Exhaustion of administrative remedies serves two main purposes.
>
> First, exhaustion protects administrative agency authority. Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of the agency's procedures.
>
> Second, exhaustion promotes efficiency. Claims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court. In some cases, claims are settled at the administrative level, and in others, the proceedings before the agency convince the losing party not to pursue the matter in federal court. And even where a controversy survives administrative
>
> review, exhaustion of the administrative procedure may produce a useful record for

subsequent judicial consideration.

(*Id.* at 232, quoting *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (quotation marks and citations omitted).

Petitioner concedes that he has not exhausted the BOP's administrative remedy procedure. However, exhaustion may be excused where the BOP has predetermined the disputed issue, rendering any appeal futile. *McCarthy v. Madigan*, 503 U.S. 140, 148 (1992); *Chevrier v. Marberry*, No. 04-10239, 2006 WL 3759909 at *3 (E.D.Mich. Dec.20, 2006). The BOP's clearly stated position is that persons convicted of offenses under 18 U.S.C. § 922(g) are not eligible for early release upon successful completion of a substance abuse program. Furthermore, "the exhaustion requirement in § 2241 cases is prudential, rather than jurisdictional." *Arango Marquez v. I.N.S* ., 346 F.3d 892, 897 (9th Cir.2003). The Court therefore will proceed to address Petitioner's claim on the merits.

**B. Violation of the Administrative Procedure Act Claim**

The Court rejects the claim that the BOP's regulation violates the Administrative Procedures Act because Congress specifically provided in 18 U.S.C. § 3625 that the "provisions of sections 554 and 555 and 701 through 706 of title 5 United States Code, do not apply to the making of any determination, decision, or order under this subchapter." The referenced provisions are the judicial review and notice and comment provisions of the APA. Decisions made with reference to Petitioner's eligibility for early release under the provisions of 18 U.S.C. § 3621(e) are not reviewable under the APA. *See Orr v. Hawk*, 156 F. 3d 651, 655, n. 1 (6th Cir. 1998) (noting that the BOP is exempt from the judicial review and notice and comment provisions of the APA); *see also Richmond v. Scibana*, 387 F.3d 602, 605 (7th Cir. 2004) (finding that § 3625 precludes review

of agency decisions regarding placement during the last months of incarceration). Thus, this Court lacks jurisdiction pursuant to 18 U.S.C. § 3625 to review Petitioner's claim.

Moreover, Petitioner's claim that 28 C.F.R. 550.58 violates the Administrative Procedure Act because it is arbitrary and capricious is incorrect. 18 U.S.C. § 3621 requires the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). Congress further provided that the BOP, in its discretion, could reduce the sentence of an inmate convicted of a nonviolent offense by up to one year following the successful completion of a substance abuse treatment program. The statute's early release provision states:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).

The BOP published 28 C.F.R. § 550.58 to implement the early release incentive. 28 C.F.R. § 550.58 states in pertinent part:

> An inmate who was sentenced to a term of imprisonment . . . for a non-violent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a)of this section, for early release by a period not to exceed 12 months.
>
> (a) Additional early release criteria.
>
> > (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
>
> * * *
>
> (vi) Inmates whose current offense is a felony:

* * *

> (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device) . . . .

28 C.F.R. § 550.58(a)(1)(vi)(B).

Petitioner relies on *Arrington*, *supra*, for support. The Ninth Circuit held in *Arrington* that 28 C.F.R. § 550.58 violated the APA because it failed to articulate a rationale for excluding a class of nonviolent offenders – those whose offenses involved firearms – from eligibility for early release. *Arrington*, 516 F.3d at 1116. This Court, along with at least two other judges in this district, have declined to follow *Arrington*, reasoning that it is inconsistent with the Supreme Court's decision in *Lopez v. Davis*, 531 U.S. 230, 242 (2001), which upheld 28 C.F.R. § 550.58. *See Norcutt v. Zych*, No. 08-14888, 2009 WL 514083 (E.D. Mich. Mar. 2, 2009) (O'Meara, J.); *Holloway v. Eichenlaub*, No. 08-11347, 2009 WL 416325 (E.D. Mich. Feb. 18, 2009) (O'Meara); *Sinclair v. Eichenlaub*, No. 07-12967, 2008 WL 5235981 (E.D. Mich. Dec. 15, 2008) (Battani, J.); *Riopelle v. Eichenlaub*, No. 08-11754, 2008 WL 2949236 (E.D. Mich. Jul. 29, 2008) (Zatkoff, J.).

In *Norcutt v. Zych*, this Court summarized the Supreme Court's decision in *Lopez v. Davis*:

> In *Lopez v. Davis*, 531 U.S. 230, 242 (2001), the United States Supreme Court held that 28 C.F.R. § 550.58 "is a permissible exercise of the Bureau's discretion under 18 U.S.C. § 3621(e)(2)(B)" and that the Bureau may categorically exclude prisoners from program benefits based on their pre-conviction conduct. *Id.* at 233, 242-44. Lopez was convicted of a drug offense but his sentence was enhanced because he possessed a firearm in connection with the offense. The Bureau of Prisons found Lopez ineligible for early release under 18 U.S.C. § 3621(e)(2)(B) because Lopez's offense was a felony that involved the carrying possession, or use of a firearm. The Supreme Court stated that "[t]he Bureau reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life endangering violence and therefore appropriately determines the early[-]release decision." *Id.* at 244.

*Norcutt*, No. 08-14888, 2009 WL 514083 at *3.

In fact, "[t]o date, no court outside the Ninth Circuit has followed *Arrington*," and "[m]ost courts have rejected *Arrington* as contrary to *Lopez v. Davis*." *Serrano v. Berkebile*, No. 3-08-CV-1587-K, 2009 WL 81017, at 2 (N.D. Tex. Jan. 9, 2009) (unpublished). The Sixth Circuit, moreover, has stated that *Lopez* controls decisions in cases like Petitioner's, even if the Supreme Court did not address whether the Bureau's actions were arbitrary. *See Harrison v. Lamanna*, 19 Fed.App'x 342, 2001 WL 1136080, 1 (6th Cir. Sept. 18, 2001) (unpublished). In reaching that conclusion, the Sixth Circuit noted that the Supreme Court held in *Lopez* that it was reasonable for the Bureau of Prisons to prevent an inmate from attaining early release if the inmate's crime was related to firearms. Thus, the Sixth Circuit implicitly found that the Bureau did not abuse its discretion in promulgating 28 C.F.R. § 550.58. *Id.*

Against that backdrop, the Court concludes that Petitioner is not entitled to habeas corpus relief pursuant to 28 U.S.C. § 2241.

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**. Since a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or the Sixth Circuit before seeking to appeal this decision.

**SO ORDERED**.

s/John Corbett O'Meara
United States District Judge

Date: August 25, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 25, 2009, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager